# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GARCIA IV,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN TAYLOR,<br><br>    Respondent. | Case No. 1:24-cv-01044-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 12)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

In the petition, Petitioner asserts that the Federal Bureau of Prisons ("BOP") has not applied all of Petitioner's First Step Act ("FSA") and Second Chance Act ("SCA") Earned Time Credits ("FTCs" or "ETCs"). (ECF No. 1 at 6.[1]) Petitioner also appears to challenge the BOP's determination that Petitioner be placed in a halfway house for ninety days. (Id.) Respondent has moved to dismiss the petition, asserting that Petitioner has failed to exhaust administrative remedies, Petitioner has been awarded the FSA ETC statutory maximum, the SCA is not an

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

additional source of ETCs, and this Court lacks jurisdiction with respect to compelling pre-release service of Petitioner's sentence in a particular location. (ECF No. 12 at 2–4.) To date, Petitioner has not filed an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

## II.

## DISCUSSION

### A. First Step Act

"On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was enacted. The Act implemented a number of prison and sentencing reforms." Bottinelli v. Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019). With respect to earned time credit, the Ninth Circuit has described the First Step Act's amendments as follows:

> [P]aragraph 102(b)(1) amends [18 U.S.C.] § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system.[2] [132 Stat.] at 5210-13. The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." § 101(a), 132 Stat. at 5196–97. Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210–13.

Bottinelli, 929 F.3d at 1197–98 (footnote in original).

Section 3632(d)(4)(A) provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A). "Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

---

[2] In contrast to good time credit, earned time credit is awarded for "successfully complet[ing] evidence-based recidivism reduction programming or productive activities." § 101(a), 132 Stat. at 5198.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, the record before the Court establishes that Petitioner has earned and been awarded the maximum 365 days of FSA ETCs towards early release to his supervised release term. (ECF No. 12 at 4; ECF No. 12-1 at 2, 7.) Given that Petitioner has received the remedy he requested in his petition with respect to the First Step Act claim, the Court finds that no case or controversy exists and dismissal of the First Step Act claim is warranted on this ground.

**B. Second Chance Act**

"Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs [residential re-entry centers]: 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621 governs the authority of the BOP to designate a prisoner's placement in general while he or she is in the BOP's custody." Sacora v. Thomas, 628 F.3d 1059, 1061–62 (9th Cir. 2010). "Congress also charged the BOP with preparing prisoners for reentry to the community during the final months of their terms of imprisonment" in 18 U.S.C. § 3624(c). Id. at 1062.

> Section 3624(c) was amended on April 9, 2008, by the SCA to provide that the BOP
>
> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> Accordingly, after enactment of the SCA, § 3624 governs the designation of prisoners to RRCs for the final months of their sentences.

Sacora, 628 F.3d at 1062.

///

1    Petitioner contends that the BOP has not applied all the credits he purportedly earned
2 under the SCA. "The SCA is not, however, 'an additional source of time credits.'" Tong v. Derr,
3 No. CV 22-00543 JAO-WRP, 2023 WL 3996982, at *8 (D. Haw. June 14, 2023) (quoting
4 Untalan v. Derr, No. CV 23-00091 JMS-RT, 2023 WL 2868519, at *4 (D. Haw. Apr. 10, 2023)).
5 To the extent Petitioner challenges the BOP's determination that he be placed in a halfway house
6 for ninety days, the Court finds that Petitioner fails to state a cognizable claim for federal habeas
7 relief. "[T]he Second Chance Act does not guarantee a one-year RRC placement, but only directs
8 the Bureau of Prisons to consider placing an inmate in a RRC for *up to* the final twelve months
9 of his or her sentence." Lovett v. Hogsten, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec.
10 29, 2009) (emphasis in original). Further, a district court has no jurisdiction over challenges to
11 the length of a petitioner's RRC placement.[3] See Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir.
12 2011) ("The plain language of this statute [18 U.S.C. § 3625] specifies that the judicial review
13 provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to 'any determination, decision, or
14 order' made pursuant to 18 U.S.C. §§ 3621–3624."); Jiau v. Tews, 812 F. App'x 638, 639 (9th
15 Cir. 2020) ("To the extent that Jiau's due process claim challenges the length of her RRC
16 placement, the district court properly concluded that it lacked jurisdiction over such a
17 challenge.").[4]

## III.

## RECOMMENDATION & ORDER

20    Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss
21 (ECF No. 12) be GRANTED and the petition for writ of habeas corpus be DISMISSED.
22    Further, the Clerk of Court is DIRECTED to randomly assign this action to a District
23 Judge.

---

[3] "Although a district court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621." Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016) (citing Close v. Thomas, 653 F.3d 970, 973–74 (9th Cir. 2011)). However, the petition appears to merely challenge the BOP's RRC length determination and does not allege that the BOP violated federal law or the Constitution or exceeded its statutory authority in making said determination.

[4] In light of the Court's conclusions, the Court declines to address Respondent's argument that the petition should be dismissed for failure to exhaust administrative remedies.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge